UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-11020 |
| | ) | |
| KENNETH S. O'NEAL SR. and | ) | Chapter 7 |
| SHARON A. O'NEAL, | ) | |
| | ) | |
| Debtors. | ) | Judge Pat E. Morgenstern-Clarren |
| _____ | ) | |
| | ) | |
| SHELDON STEIN, TRUSTEE, | ) | Adversary Proceeding No. 10-1295 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION**[1] |
| KENNETH S. O'NEAL, SR., *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

The plaintiff chapter 7 trustee Sheldon Stein filed this complaint seeking to revoke the debtors' discharges on the ground that they refused to comply with a court order to turn over property or funds to the trustee. The trustee also requests a monetary judgment against the debtors in the amount of $15,600.00. The trustee moves for summary judgment, and the debtors oppose that motion.[2] For the reasons stated below, the trustee's motion is denied.

**JURISDICTION**

Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 84 entered in this district by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

_____

[1] This opinion is not intended for commercial publication, either print or electronic.

[2] Docket 20, 21, 22.

## DISCUSSION

### I. Summary Judgment

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) (made applicable by FED. R. BANKR. P. 7056); *see also Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986). The moving party generally bears the initial burden of showing that no genuine issue of material fact exists. *Gen. Motors Corp. v. Lanard Toys, Inc.* 468 F.3d 405, 412 (6th Cir. 2006). "[T]hat burden 'may be discharged by 'showing–that is, pointing out to the . . . court–that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005)). "Once the moving party has satisfied its burden, the nonmoving party may not rest upon its mere allegations or denials of the opposing party's pleadings, but rather it must set forth specific facts showing that there is a genuine issue for trial." *Havensure, L.L.C. v. Prudential Ins. Co. of Am.*, 595 F.3d 312, 315 (6th Cir. 2010). "In determining whether a genuine issue of material fact exists, [the] court draws all inferences in the light most favorable to the nonmoving party." *Id*. The issue at this stage is whether there is evidence on which a trier of fact could reasonably find for the nonmoving party. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).

### II. The Facts

These facts are undisputed based on the evidence offered in connection with the motion for summary judgment:

2

Kenneth and Sharon O'Neal filed a chapter 13 case on February 18, 2008. Sharon

O'Neal stated in that filing that her property included a 2006 Nissan Altima (the vehicle) valued

at $17,000.00, with exemptions totaling $1,400.00 claimed as to the vehicle. The debtors stated

that they did not hold or control any property owned by another person.[3] They voluntarily

converted their case to chapter 7 on May 13, 2009 and received chapter 7 discharges on

September 2, 2009.

On October 1, 2009, the trustee filed a motion in which he asked that the debtors be

directed to turn over property of the estate: either the vehicle or $15,600.00 (the vehicle's value

less claimed exemptions). The trustee noticed his motion for hearing on October 29, 2009, with

a response date of October 22, 2009. The debtors objected to the motion, stating both a factual

and legal basis for their opposition. The court heard the matter on October 29, 2009 and

adjourned it to December 17, 2009. Debtors' counsel did not appear on December 17, 2009, as a

result of which the court issued a bench ruling granting the trustee's motion and overruling the

debtors' objection for failure to prosecute. On December 18, 2009, the court entered an order

granting the trustee's motion and requiring the debtors to turn over the vehicle or $15,600.00 to

the trustee within 30 days (the turnover order).

The debtors filed a motion to reconsider the turnover order; a request opposed by the

trustee. After a first hearing on the matter on January 21, 2010, the hearing was adjourned to

February 25, 2010, and then to March 18, 2010. Debtors' counsel did not appear on that date, at

which time the court orally denied the motion to reconsider for lack of prosecution. The court

entered an order reflecting that ruling on June 25, 2010. When the debtors failed to comply with

---

[3] Statement of Affairs, answer to question 14.

10-01295-pmc    Doc 23    FILED 03/09/11    ENTERED 03/09/11 14:00:35    Page 3 of 8

the turnover order, the trustee filed this adversary proceeding asking that their discharges be revoked and requesting a $15,600.00 judgment.

### III. Revocation of Discharge

Bankruptcy Code § 727(d)(3) provides that:

> (d) On request of the trustee . . . and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if– . . . (3) the debtor committed an act specified in subsection (a)(6) of this section[.]

11 U.S.C. § 727(d)(3). Subsection (a)(6) in turn states that a debtor's discharge shall be denied when the debtor "has refused . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify[.]" 11 U.S.C. § 727(a)(6)(A). Based on these provisions, the court may revoke a debtor's chapter 7 discharge if the debtor refuses to obey a lawful order of the court.

There is a divergence of opinion regarding the level of intent that must be shown under § 727(a)(6)(A), with some courts requiring a showing of a willful or intentional act and others treating the matter as an issue of civil contempt. *Smith v. Jordan (In re Jordan)*, 521 F.3d 430, 434 (4th Cir. 2008). This court has held that a determination as to whether a debtor has refused to obey a court order should be treated as an issue of civil contempt, requiring proof that the debtor had knowledge of the order, that the debtor violated the order, and that the violated order was specific and definite.[4] *Baumgart v. Degidio (In re Degidio)*, Adv. No. 08-1203 (Bankr. N.D. Ohio Nov. 10, 2008) (*citing Hunter v. Watson (In re Watson)*, 247 B.R. 434, 436 (Bankr. N.D. Ohio 2000)). This interpretation conforms with the plain meaning of the provision. *Hunter v. Magack (In re Magack)*, 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999). As with contempt, a

---

[4] The parties agree that this is the applicable standard.

debtor may defend an action under § 727(a)(6)(A) by establishing impossibility or an inability to comply with the court's order. *Id.* (citing *United States v. Bryan*, 339 U.S. 323, 330-34 (1950)).

## IV. The Motion for Summary Judgment

The trustee has provided evidence of the debtors' refusal to comply with the turnover order under the three-prong standard for civil contempt. Indeed, the debtors acknowledge that they knew that the turnover over specifically required them to turn over the vehicle or $15,600.00, and that they have failed to comply with its terms. The debtors, however, oppose summary judgment on two grounds. One, they argue that the vehicle did not become property of the chapter 7 estate and that the trustee was not entitled to the order requiring turnover. Two, they argue that they were and are unable to comply with the turnover order.

## A.

The debtors' first argument is based on a challenge to the turnover order itself. The issue is whether the debtors may mount such a challenge at this time or whether they are precluded from doing so under one of two doctrines: claim preclusion, often referred to as res judicata, and issue preclusion, often referred to as collateral estoppel.

> Under the doctrine of claim preclusion, a final judgment forecloses
> "successive litigation of the very same claim, whether or not
> relitigation of the claim raises the same issues as the earlier suit."
> *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S.Ct. 1808, 149
> L.Ed.2d 968 (2001). Issue preclusion, in contrast, bars "successive
> litigation of an issue of fact or law actually litigated and resolved in
> a valid court determination essential to the prior judgment," even if
> the issue recurs in the context of a different claim. Id., at 748-749,
> 121 S.Ct. 1808. By "preclud[ing] parties from contesting matters
> that they have had a full and fair opportunity to litigate," these two
> doctrines protect against "the expense and vexation attending
> multiple lawsuits, conserv[e] judicial resources, and foste[r]
> reliance on judicial action by minimizing the possibility of
> inconsistent decisions." *Montana v. United States*, 440 U.S. 147,
> 153-154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

*Taylor v. Sturgell,* 553 U.S. 880, 892 (2008). While the parties have focused on collateral

estoppel and its requirement that an issue must have been actually litigated,[5] the turnover order

was this court's final decision regarding the debtors' obligation to turn over the vehicle, meaning

that claim preclusion is the doctrine which is more to the point. *See LaBarge v. Ireland (In re*

*Ireland),* 325 B.R. 836, 839 (Bankr E.D. Mo. 2005) (holding that res judicata prevented debtor

from relitigating issue of exemptions because the debtor could have raised the issue as defense to

the trustee's motion for turnover); *see also Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d

565, 578-79 (6th Cir. 2008) (holding that res judicata applies to a bankruptcy court order which

finally disposes of a discrete issue in the bankruptcy case).

> As the Sixth Circuit has explained:

> > Res judicata, or claim preclusion as it is more helpfully termed, is
> > the doctrine, simply stated, by which a final judgment on the merits
> > in an action precludes a party from bringing a subsequent lawsuit
> > on the same claim or cause of action or raising a new defense to
> > defeat a prior judgment. . . . It precludes not only relitigating a
> > claim or cause of action previously adjudicated, it also precludes
> > litigating a claim or defense that should have been raised, but was
> > not, in a claim or cause of action previously adjudicated.

*Gargallo v. Merrill Lynch, Pierce, Fenner & Smith*, 918 F.2d 658, 660-61 (6th Cir. 1990)

(internal citation omitted). The doctrine is applied "to promote the finality of judgments, which

---

[5] The collateral estoppel doctrine "dictates that once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Aircraft Braking Sys. Corp. v. Local 856, Int'l Union*, 97 F.3d 155, 161 (6th Cir. 1996) (internal quotation marks and citation omitted). A four-part test determines whether collateral estoppel applies: 1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; 2) determination of the issue must have been necessary to the outcome of the prior proceeding; 3) the prior proceeding must have resulted in a final judgment on the merits; and 4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Id.*

6

in turn increases certainty, discourages multiple litigation and conserves judicial resources."

*Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992).

A four-part test is used to determine whether a claim or defense is barred by claim preclusion: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006). That test is met here. The turnover order was a final decision on the merits by this court requiring the debtors to turn over the vehicle or $15,600.00 as property of the estate. The turnover litigation involved the same parties as this adversary proceeding, the issue which the debtors are seeking to litigate here is the same action which was resolved in the turnover proceeding, and any defenses which the debtors had should have been litigated in that action. Consequently, the debtors are precluded from re-litigating or raising new defenses regarding the trustee's request for turnover. The court will not, therefore, consider the debtors' argument that the vehicle was not property of the estate.

## B.

As discussed above, a debtor may defend against a § 727(a)(6)(A) action by establishing that it is impossible to comply with the court's order. The debtors in this case oppose the trustee's summary judgment request on that basis, to which the trustee responds that they are collaterally estopped from raising this defense. To establish such estoppel, the trustee would have to show that the turnover order raised and determined the issue of whether the debtors were able to comply with the direction either to turn over the vehicle or pay its equivalent to the

7

trustee.  These issues were not raised and determined in that context, and so the debtors are not collaterally estopped from raising them as a defense to this action.

The debtors have submitted affidavits in support of the defense.  To support their claim that it is impossible for them to turn over the vehicle, they state that the vehicle is currently titled in the name of Sharon O'Neal's mother, Eunice Tucker, and is located in New Jersey; that they have attempted to convince Ms. Tucker to release the vehicle; and that it is impossible for them to obtain the vehicle without resorting to illegal force or deception.  To support their claim that they are unable to pay the trustee $15,600.00, they state that they do not have the funds and that their current finances preclude them from borrowing money to pay the trustee.  Viewing these statements in the light most favorable to the debtors, as the court must on a motion for summary judgment, the court concludes that there is a genuine issue of fact regarding the debtors' ability to comply with the turnover order.  The court cannot, therefore, grant summary judgment for the trustee.

## CONCLUSION

For the reasons stated, the plaintiff trustee's motion for summary judgment is denied.

IT IS SO ORDERED.


_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge

8